IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Geraldine Phillips, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 7 |
| Velocity Investments, LLC, a New Jersey limited liability company, and Capital Management Services, LP, a Delaware limited partnership, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Geraldine Phillips, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Geraldine Phillips ("Phillips"), is a citizen of the State of Missouri, from whom Defendants attempted to collect a delinquent consumer debt.  These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt, and was represented by the legal aid attorneys at the Chicago

Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Velocity operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Velocity was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CMS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

6. Defendant Velocity is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants Velocity and CMS are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see,

records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, each Defendant conducts business in Illinois.

8. Defendants Velocity and CMS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, each Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Phillips is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed originally for a Credit One Bank credit card. At some point in time after that debt became delinquent, it was bought/obtained by a bad debt buyer, Razor Capital II ("Razor"), which then hired a another collection agency, Creditors Interchange ("CI"), to collect that debt.

10. Because the legal aid attorneys at the Chicago Legal Clinic's LASPD program were representing Ms. Phillips as to her financial difficulties, Defendant Razor and CI sent their collection letter, dated March 28, 2011, to her in care of her attorneys at LAPSD. A copy of this collection letter is attached as Exhibit C.

11. Accordingly, on April 30, 2011, one of Ms. Phillips' attorneys at LASPD reaffirmed Razor and CI that Ms. Phillips was represented by counsel, and directed that they cease communications and cease all further collection activities because Ms. Phillips was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Razor then sold/transferred the account to Defendant Velocity, which knew, or should have known, that the account it now had was subject to a cease

collections/communications and a notice of attorney representation. Any review of the account history maintained by Velocity's predecessor in interest, Razor, would have shown the notice of attorney representation and the cease communications/collections notice.

13. Nonetheless, Defendant Velocity then had Defendant CMS send a collection letter, dated October 3, 2012, directly to Ms. Phillips which demanded payment of the Credit One Bank. A copy of this collection letter is attached at Exhibit E.

14. Accordingly, on November 15, 2012, Ms. Phillips' LASPD attorneys had to send Defendants Velocity and CMS a letter directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached at Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the account notes and prior letter from Plaintiff's agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because the account notes said so and because her attorneys at LASPD had specifically informed Defendant Velocity's predecessor in interest, in writing, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending a collection letter to Plaintiff, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Geraldine Phillips, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Phillips, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Geraldine Phillips, demands trial by jury.

Geraldine Phillips,<br>
By: /s/ David J. Philipps<br>
One of Plaintiff's Attorneys

Dated: January 2, 2013

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6